**JOHN L. BURRIS, Esq. SBN 69888**
**ADANTE D. POINTER, Esq. 236229**
**MELISSA C. NOLD, Esq. SBN 301378**
**LAW OFFICES OF JOHN L. BURRIS**
Airport Corporate Centre
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone:  (510) 839-5200
Facsimile:  (510) 839-3882
john.burris@johnburrislaw.com
adante.pointer@johnburrisalaw.com
melissa.nold@johnburrislaw.com

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VANESSA DUNN, an individual,<br><br>                    Plaintiff,<br><br>      vs.<br><br>COUNTY OF SACRAMENTO, a municipal corporation;  NATHAN JENNINGS, individually and in his official capacity as Deputy Sheriff for the COUNTY OF SACRAMENTO; CHRISTOPHER HUFFMAN, individually and in his capacity as Deputy Sheriff for the COUNTY OF SACRAMENTO; GABRIEL RODRIGUEZ, individually and in his official capacity as Deputy Sheriff for the COUNTY OF SACRAMENTO; and DOES 1-50, individually and in their official capacities as Police Deputies for the COUNTY OF SACRAMENTO, jointly and severally,<br><br>                    Defendants. | CASE NO.:<br><br>COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND DAMAGES<br><br>JURY TRIAL DEMANDED |

## INTRODUCTION

1.   On July 10, 2017, at approximately 5:00 p.m., Plaintiff Vanessa Dunn went to visit her

girlfriend, on Hellenic Drive, in Sacramento, California. Ms. Dunn is a petite woman standing only

5'2". Ms. Dunn knocked on the door and having received no answer she drove away. Unbeknownst to Ms. Dunn, a neighbor, Josephine Salinas, called the police and falsely reported that there was a restraining order prohibiting Ms. Dunn from coming to the home. However, there was no such restraining order served on Ms. Dunn. As such, Ms. Dunn was committing no crime whatsoever. Sacramento Sheriff's Department Deputy Defendant Gabriel Rodriguez responded to the call for service. Deputy Rodriguez did not contact the reporting party to determine if there was a restraining order or contact dispatch to verify the restraining order. Instead, Deputy Rodriguez followed Ms. Dunn's car, as she drove away from the house. Ms. Dunn did not initially stop, but eventually pulled over in the area of Fruitridge Road and 88th Street, in Sacramento.  Sacramento Sheriff's Department Deputies Nathan Jennings and Christopher Huffman arrived on scene.

2.   The Deputies ordered Ms. Dunn to open her door and she immediately complied. As the door was opening Deputy Jennings rushed Ms. Dunn and began striking her in the face with a closed fist multiple times, pulled her from the car and threw her on the ground. Deputy Jennings place Ms. Dunn's right arm into a control hold, despite her full compliance and applied pressure until he heard her arm audibly snap. Deputies Rodriguez and Huffman struck Ms. Dunn with closed fists and flashlights, and one of them choked her. During the frightening attack, the Deputies made jokes about Ms. Dunn's sexual orientation and gender identity. Thereafter Ms. Dunn was placed in handcuffs and arrested. The incident was captured on dash and lapel camera video, but those videos were never provided to the Public Defender's Office.

3.   As a result of the Deputies egregious display of excessive force, Ms. Dunn suffered a chipped tooth, bloody nose, black eye, abrasions, contusions and broken right humerus. Ms. Dunn required emergency surgery to install a permanent metal plate in her right arm and may need additional surgery due to permanent nerve damage.

4.   This action seeks to recover damages for the violation of Ms. Dunn's rights under state and federal law.

## JURISDICTION

5.   This action arises under Title 42 of the United States Code, Section 1983.  Title 28 of the United States Code, Sections 1331 and 1343 confers jurisdiction upon this Court.  The unlawful acts and practices alleged herein occurred in Sacramento, California, which is within this judicial district. Title 28 United States Code Section 1391(b) confers venue upon this Court.

## PARTIES

6.   Plaintiff herein, VANESSA DUNN is, and at all times herein mentioned was a resident of California and a natural person.

7.   Defendant COUNTY OF SACRAMENTO (hereinafter referred to as "SACRAMENTO COUNTY") is and at all times mentioned herein a municipal corporation, duly authorized to operate under the laws of the State of California.  Under its supervision, the COUNTY OF SACRAMENTO operates the Sacramento County Sheriff's Department ("SSD")

8.   Defendant NATHAN JENNINGS (hereinafter referred to as "JENNINGS") is and at all times mentioned herein a natural person. He is being sued in his individual and official capacity as a Deputy Sheriff for the COUNTY OF SACRAMENTO.

9.   Defendant CHRISTOPHER HUFFMAN (hereinafter referred to as "HUFFMAN") is and at all times mentioned herein a natural person. He is being sued in his individual and official capacity as a Deputy Sheriff for the COUNTY OF SACRAMENTO.

10. Defendant GABRIEL RODRIGUEZ (hereinafter referred to as "RODRIGUEZ") is and at all times mentioned herein a natural person. He is being sued in his individual and official capacity as a

Deputy Sheriff for the COUNTY OF SACRAMENTO.

11. Plaintiff is ignorant of the true names and/or capacities of defendants sued herein as DOES 1 through 50, inclusive, and therefore sue said defendants by such fictitious names.  Plaintiff will amend this complaint to allege their true names and capacities when ascertained.  Plaintiff believes and alleges that each of the DOE defendants is legally responsible and liable for the incident, injuries and damages hereinafter set forth.  Each defendant proximately caused injuries and damages because of their negligence, breach of duty, negligent supervision, management or control, violation of public policy and/or use of excessive force.  Each defendant is liable for his/her personal conduct, vicarious or imputed negligence, fault, or breach of duty, whether severally or jointly, or whether based upon agency, employment, ownership, entrustment, custody, care or control or upon any other act or omission.  Plaintiffs will ask leave to amend their complaint subject to further discovery.

12. In engaging in the conduct alleged herein, defendant police Deputies acted under the color of law and in the course and scope of their employment with SACRAMENTO COUNTY.  In engaging in the conduct described herein, Defendant police Deputies exceeded the authority vested in them as police Deputies, under the United States and California Constitutions, and as employees of SACRAMENTO COUNTY.

13. For State causes of action related to Federal claims, plaintiffs are required to comply with an administrative claim requirement under California law.  Plaintiff filed her claim on November 11, 2017. Defendant County has yet to accept or reject Plaintiff's claim. More than 45 days has elapsed since the claim filing.

## STATEMENT OF FACTS

14. On July 10, 2017, at approximately 5:00 p.m., Plaintiff Vanessa Dunn went to visit her on

again off again girlfriend, on Hellenic Drive, in Sacramento, California. Ms. Dunn is a petite woman standing only 5'2". Ms. Dunn knocked on the door, but there was no answer. Having received no answer, Ms. Dunn drove away. Ms. Dunn was committing no crime whatsoever.

15. Unbeknownst to Ms. Dunn, a neighbor, Josephine Salinas, called the police and falsely reported that there was a restraining order prohibiting Ms. Dunn from coming to the girlfriend's home. However, there was no such restraining order served on Ms. Dunn.

16. Sacramento Sheriff's Department Deputy Defendant Gabriel Rodriguez responded to the call for service. Deputy Rodriguez did not contact the third party 911 caller to gather further information or determine if there was actually an active restraining order. Instead, Deputy Rodriguez followed Ms. Dunn's car, as she drove away from the area. Ms. Dunn did not initially stop, but eventually pulled over near Fruitridge Road and 88th Street, in Sacramento.  Sacramento Sheriff's Department Deputies Nathan Jennings and Christopher Huffman arrived on scene.

17. The Deputies ordered Ms. Dunn to open her door and she immediately complied. As the door was opening, Deputy Jennings rushed Ms. Dunn and began striking her in the face with a closed fist multiple times, and then pulled her from the car and threw her onto the ground. Deputy Jennings place Ms. Dunn's right arm into a control hold, despite her full compliance and applied pressure until he heard her arm audibly snap. Deputies Rodriguez and Huffman were simultaneously striking Ms. Dunn in the face and head with closed fists and flashlights, and one of them choked her. During the frightening attack, the Deputies furthered their despicable behavior by joking about Ms. Dunn's sexual orientation and gender identify, by claiming that they did not know whether Ms. Dunn was a man or a woman. Thereafter Ms. Dunn was placed in handcuffs and arrested.

18. Ms. Dunn was transported to UC Davis Medical Center via ambulance. As a direct result of the Defendants' egregious display of grossly unwarranted and excessive force, Ms. Dunn suffered

a chipped tooth, bloody nose, black eye, abrasions, contusions and broken right humerus. Ms. Dunn required emergency surgery to install a permanent metal plate in her right arm and may need additional surgery due to permanent nerve damage. The incident was captured on dash and lapel camera video, but those videos were never provided to the Public Defender's Office.

19. Plaintiff is informed and believes and thereon allege that SACRAMENTO COUNTY, and DOES 26-50, inclusive, breached their duty of care to the public in that they have failed to discipline Defendant Deputies and DOES 1-25 inclusive, for their respective misconduct and involvement in the incident described herein. Their failure to discipline Defendant Deputies and DOES 1-25 inclusive, demonstrates the existence of an entrenched culture, policy or practice of promoting, tolerating and/or ratifying with deliberate indifference, the use of excessive and the fabrication of official reports to cover up Defendant Deputies and DOES 1-25's inclusive, misconduct.

20. Plaintiff is informed, believes and thereon alleges that members of the SACRAMENTO COUNTY Sheriff's Department, including, but not limited to Defendant Deputies and Does 1-25 inclusive and/or each of them, have individually and/or while acting in concert with one another used excessive, arbitrary and/or unreasonable force against Vanessa Dunn.

21. Plaintiff is further informed, believe and therein allege that as a matter of official policy – rooted in an entrenched posture of deliberate indifference to the constitutional rights of persons who live, work or visit the City of SACRAMENTO COUNTY, SSD has allowed persons to be abused by its Police Deputies including Defendant Does 1-25 and/or each of them, individually and/or while acting in concert with one another.

22. Plaintiff is informed, believes and therein alleges that SSD Deputies exhibit a pattern and practice of using excessive force against citizens and despite these incidents, none of the

Deputies are ever found in violation of department policy, even under the most questionable of circumstances.  SSD's failure to discipline or retrain any of the involved Deputies is evidence of an official policy, entrenched culture and posture of deliberate indifference toward protecting citizen's rights and the resulting deaths and injuries is a proximate result of SSD's failure to properly supervise its Deputies and ratify their unconstitutional conduct.

23. Plaintiff is informed, believes and therein alleges that the SACRAMENTO COUNTY SHERIFF SCOTT JONES has openly and publicly supported the actions of Deputies involved in incidents of overt and obvious excessive force and misconduct, despite independent evidence of wrongdoing, thereby ratifying the ongoing acts of egregious misconduct by SACRAMENTO COUNTY SHERIFF'S DEPARTMENT employees.

24. Plaintiff is informed, believes and therein alleges that SACRAMENTO COUNTY knew, had reason to know by way of actual or constructive notice of the aforementioned policy, culture, pattern and/or practice and the complained of conduct and resultant injuries/violations.

25. Plaintiff is ignorant of the true names and capacities of Defendant Deputies DOES 1 through 25, inclusive, and therefore sue these Defendants by such fictitious names.  Plaintiff is informed, believes, and thereon alleges that each Defendant so named is responsible in some manner for the injuries and damages sustained by Plaintiff as set forth herein.  Plaintiff will amend their complaint to state the names and capacities of DOES 1-50, inclusive, when they have been ascertained.

<u>DAMAGES</u>

26. Plaintiff was physically and emotionally injured and damaged as a proximate result of this egregious and unwarranted beating, including but not limited to: Defendants' violation of Plaintiff's federal civil rights under 42 U.S.C. §1983 and the Fourth Amendment; and violations of California statutory and common law.

27. Plaintiff found it necessary to engage the services of private counsel to vindicate her rights under the law.  Plaintiff is therefore entitled to an award of attorneys' fees and/or costs pursuant to statute(s) in the event that they are the prevailing parties in this action under 42 U.S.C. §§§§ 1983, 1985-86 and 1988.

<u>**FIRST CAUSE OF ACTION**</u>

**Violation of Fourth Amendment of the United States Constitution**

**(42 U.S.C. §1983)**

**(Plaintiff Against RODRIGUEZ, JENNINGS, HUFFMAN and DOES 1-25 inclusive)**

28. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 27 of this complaint. Defendants' above-described conduct violated Plaintiff Dunn's rights, as provided for under the Fourth Amendment to the United States Constitution, to be free from excessive and/or arbitrary and/or unreasonable use of force against him.

29. Plaintiff Dunn was forced to endure great conscious pain and suffering because of the Defendants' conduct;

30. Defendants acted under color of law by beating Plaintiff Dunn without lawful justification and subjecting Plaintiff Dunn to excessive force thereby depriving her of certain constitutionally protected rights, including, but not limited to:

a. The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth Amendment to the United States Constitution;

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**SECOND CAUSE OF ACTION**

**(Monell – 42 U.S.C. section 1983)**

**(Plaintiff Against SACRAMENTO COUNTY and DOES 26-50)**

31. Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 30 of this Complaint.

32. Plaintiff is informed and believes and thereon alleges that high-ranking SACRAMENTO COUNTY officials, including high-ranking police supervisors and DOES 26 through 50, and/or each of them, knew and/or reasonably should have known about the repeated acts of unconstitutional excessive force by SDD Deputies.

33. Despite having such notice, Plaintiff is informed and believes and thereon alleges that SACRAMENTO COUNTY & DOES 26-50, and/or each of them, approved, ratified, condoned, encouraged, sought to cover up, and/or tacitly authorized the continuing pattern and practice of misconduct and/or civil rights violations by SDD which brought about Defendant Deputies and DOES 1-25 unlawfully beating Vanessa Dunn.

34. Plaintiff is further informed and believes and thereon alleges that as a result of the deliberate indifference, reckless and/or conscious disregard of the misconduct by Defendant Deputies and DOES 1-25 and/or each of them, ratified and encouraged these Deputies to continue their course of misconduct.

35. Plaintiff further alleges that Defendant DOES 26-50, and/or each of them, were on notice of the Constitutional defects in their training of SDD police Deputies, including, but not limited to unlawfully using excessive force to make detentions and/or arrests.

36. Plaintiff is informed, believes and therein alleges that the SACRAMENTO COUNTY SHERIFF SCOTT JONES has openly and publicly supported the actions of Deputies involved in

incidents of overt excessive force and misconduct, despite independent evidence of wrongdoing, thereby ratifying the ongoing acts of egregious misconduct by SACRAMENTO COUNTY SHERIFF'S DEPARTMENT employees.

37. The aforementioned acts and/or omissions and/or deliberate indifference by high ranking SACRAMENTO COUNTY officials, including high ranking SSD supervisors, DOES 26-50, and each of them resulted in the deprivation of Plaintiff's constitutional rights including, but not limited to the right to be free from excessive force by Deputies, as guaranteed by the Fourth Amendment to the United States Constitution.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## THIRD CAUSE OF ACTION
### (Negligence)
**(Plaintiff Against JENNINGS, HUFFMAN, RODRIGUEZ and DOES 1-25 inclusive)**

38. Plaintiff re-alleges and incorporates by reference herein paragraphs 1 through 37 of this Complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

39. Defendant Deputies and DOES 1-25 inclusive, by and through their respective agents and employees, caused the injuries to Vanessa Dunn, as a result of their negligent conduct and/or negligent failure to act as set-forth herein, including, but not limited to: failure to properly apply control holds and/or failure to use appropriate force.

40. As an actual and proximate result of said defendants' negligence, Plaintiff sustained pecuniary loss and pain and suffering, in an amount according to proof at trial.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## FOURTH CAUSE OF ACTION

### (Violation of Right To Enjoy Civil Rights)

### (Violation of CALIFORNIA CIVIL CODE §52.1)

(Joseph Ledesma Against JENNINGS, HUFFMAN, RODRIGUEZ and DOES 1-25)

41. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 40 of this Complaint.

42. Defendant DOES' above-described conduct constituted interference, and attempted interference, by threats, intimidation and coercion, with Vanessa Dunn's peaceable exercise and enjoyment of rights secured by the Constitution and laws of the United States and the State of California, in violation of California Civil Code §52.1.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## FIFTH CAUSE OF ACTION

### (Battery)

### (Plaintiff Against JENNINGS, HUFFMAN, RODRIGUEZ and DOES 1-25 inclusive)

43. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 42 of this complaint.

44. Defendants' above-described conduct constituted a battery.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## SIXTH CAUSE OF ACTION

### (Intentional Infliction of Emotional Distress)

### (Plaintiff Against JENNINGS, HUFFMAN, RODRIGUEZ and DOES 1-25 inclusive)

45. Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 44 of this Complaint.

46. Defendants' conduct as described herein was extreme and outrageous.

47. Defendants knew their actions would cause Plaintiff emotional distress.

48. Defendants acted with reckless disregard of the probability that Plaintiff would suffer emotional Distress.

49. Plaintiff suffered severe emotional distress as a result of Defendants' conduct.

50. Defendants' conduct as described herein was a substantial factor in causing Plaintiff's severe emotional distress.

51. Defendants' conduct caused Plaintiff to suffer physical injury, emotional distress, pain and suffering, loss of income, medical expenses, fear, trauma, and humiliation, and further damages according to proof at the time of trial.

52. The conduct alleged herein was done in willful, malicious, intentional, deliberate, or reckless disregard of Plaintiff's constitutionally protected rights, welfare, and safety.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## JURY DEMAND

53. Plaintiff hereby demands a jury trial.

## PRAYER FOR RELIEF

WQEREFORE, Plaintiff prays for relief, as follows:

1. For general damages in a sum to be determined at trial;

2. For special damages, including but not limited to, past, present and/or future wage loss, income, medical expenses and other special damages in a sum to be determined according to proof;

4. For punitive damages and exemplary damages in amounts to be determined according to proof as to Defendants JENNINGS, HUFFMAN, RODRIGUEZ, and DOES 1 through 25 and/or each of them;

5. Any and all permissible statutory damages;

6. For reasonable attorney's fees pursuant to 42 U.S.C. §1988 and U.S.C. §794a; and

7. For cost of suit herein incurred.

**Dated:  September 3, 2018**          **THE LAW OFFICES OF JOHN L. BURRIS**


                                       */s/ Melissa C. Nold*
                                       **JOHN L. BURRIS**
                                       **ADANTE D. POINTER**
                                       **MELISSA C. NOLD**
                                       **Attorneys for Plaintiffs**